IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TAMATHA MOORE-WATSON, as Next
Fried of M.W., A Minor                                                      PLAINTIFF

VS.                           CIVIL ACTION NO.: 3:19-cv-107-HTW-LRA

RANKIN COUNTY PUBLIC SCHOOL DISTRICT                 DEFENDANTS

---

**ANSWER AND AFFIRMATIVE DEFENSES**

---

COMES NOW Defendant, Rankin County School District, by and through its counsel of record and files this its Answer and Affirmative Defenses in response to Plaintiff's Complaint and in support thereof would show unto the Court the following:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted. Therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant asserts all defenses available and applicable under Federal Rules of Civil Procedure 12(b)(1) through 12(b)(7).

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust administrative remedies under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* before bringing her claims in this Court and the requested relief is also available under the IDEA; therefore Plaintiff's claims should be dismissed. Plaintiff has failed to exhaust administrative remedies available under other applicable state and federal laws.

**THIRD AFFIRMATIVE DEFENSE**

Defendant pleads all applicable statues of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Defendant pleads each defense allowed by Rules 8 and 12 of the Federal Rules of Civil Procedure.

## FIFTH AFFIRMATIVE DEFENSE

The facts not having been fully developed, Defendant adopts any affirmative defenses which may be applicable and any other matter constituting an avoidance or affirmative defense as may be shown by the facts in this cause.

## SIXTH AFFIRMATIVE DEFENSE

Defendant denies each and every material allegation contained in Plaintiff's Complaint by which Plaintiff seeks to impose liability upon it. Defendant also denies that it is guilty of any action, fault or intent in this case and, therefore, is in no way liable to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to affirmatively plead any and all other defenses, affirmative defenses and/or claims available to it which may become applicable through discovery and during the trial of this cause, including, but not limited to amended complaints and cross claims, and hereby specifically reserves the right to amend its answer to allege said affirmative defenses at such time as they become known.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not complied with all jurisdictional prerequisites to suit.

## NINTH AFFIRMATIVE DEFENSE

Defendant denies that is has not provided the minor child with a free and appropriate public education (FAPE) and denies that it has violated any provisions under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover and is not entitled to compensatory services, compensatory services in the form of payment for private school and related dyslexia services, attorneys' fees and other expenses of litigation as a matter of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant denies that it is guilty of any action which caused or contributed to the injuries and/or damages as alleged in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

Any alleged injury or damage suffered by Plaintiff and/or the minor child as a result of the events complained of was caused solely by reason of the conduct of Plaintiff or persons or entities for which Defendant is neither responsible nor liable, and all actions of Defendant were lawful and proper and done in compliance with adopted policies, procedures, and applicable federal and/or state law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

While denying that Defendant took any action against Plaintiff and/or the minor child for which it may be liable, Defendant expressly pleads that each and every action taken with respect to Plaintiff and/or the minor child was taken in good faith and for justifiable, legitimate and lawful reasons.  Additionally, every action taken by Defendant with respect to Plaintiff and/or the minor child was taken in accordance with applicable federal and/or Mississippi law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant specifically reserves, and does not waive, any defect in the Complaint by answering and preserves all objections to deficiencies.

## FIFTEENTH AFFIRMATIVE DEFENSE

The conduct of the Defendant was not the proximate cause of the alleged violations of the minor child's rights under the IDEA or other applicable state and federal laws.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant may rely on evidence acquired after the actions alleged or at any time during the course of events that supports its defenses and/or reasons for the decisions made.  To the extent that any recovery may be barred due to after-acquired evidence, any recovery must be appropriately offset.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant denies any and all allegations or claims that it or any of its employees or agents violated, in any manner or nature, any provision of federal law or state law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies each and every material allegation by which Plaintiff seeks to impose liability upon Defendant in any manner.

## NINTEENTH AFFIRMATIVE DEFENSE

There was no fault, negligence, neglect, duty, obligation or other basis for liability or responsibility on the part of the Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

Any allegation in Plaintiff's Complaint not expressly admitted herein is denied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant asserts the defenses of insufficiency of process and insufficiency of service of process.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to comply with all applicable notice requirements under state and federal law.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims in whole and/or in part may be barred by the applicable statute(s) of limitations, statute(s) of repose, failure to cooperate, the doctrines of res judicata, claim preclusion, issue preclusion, unclean hands and laches, consent, estoppel, waiver, and/or Plaintiff's failure to meet any other applicable deadlines.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant pleads all available defenses of immunity against Plaintiff's claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant pleads all rights, remedies and affirmative defenses available pursuant to state and federal law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant cannot be held liable for state administrative proceedings.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiff has failed to exhaust her administrative remedies with respect to her claims and other causes of action, her claims are procedurally barred.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Defendant asserts that to the extent the Plaintiff's claims exceed the scope of the administrative proceedings held before the hearing officer, the claims are barred.

### THIRTIETH AFFIRMATIVE DEFENSE

The Defendant asserts that to the extent that the Plaintiff seeks to litigate claims arising out of acts or omissions occurring more than two years before the Plaintiff's filing of her September 5, 2018 IDEA due process complaint, the claims are barred.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff failed to exhaust the due-process policies and procedures/administrative remedies of the District and the IDEA and other applicable state and federal laws and is, therefore, estopped and barred.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, which are denied, were caused by intervening and/or superseding causes over which Defendant had no control and thus, is not liable.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The Defendant is not liable under the doctrine of legislative, judicial, and common law sovereign immunity insofar as applicable in this action.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that the allegations in the complaint fail to include an appropriate objection of matters described in 34 C.F.R. §§300.503(a)(1) and 300.507(a)(1), the claims are barred.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Although the Plaintiff has failed to exhaust administrative remedies, out of an abundance

of caution, the Defendant asserts that the Court does not have subject matter jurisdiction over the allegations of the Complaint which were not the subject of a timely request for due process hearing under the IDEA filed with the Mississippi Department of Education and made the subject of an order and/or opinion by an impartial hearing officer.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The Defendant denies any and all allegations or claims that it or any of its employees or agents violated, in any manner or nature, any provision of state or federal law. There are no allegations in the Plaintiff's Complaint sufficient to impose liability on Defendant under state or federal law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise any and all other defenses as they may become known during the course of discovery and hereby specifically reserve the right to amend their answer to the alleged said affirmative defenses at such time as they become known. And now, having asserted its affirmative defenses, the Defendant responds to the allegations in the complaint in a paragraph by paragraph format with the number of the response corresponding to the number of the paragraph allegation.

### I.  INTRODUCTION/NATURE OF CASE

1. Defendant admits that this matter is styled as an appeal of the decision of a special education hearing officer appointed by the Mississippi Department of Education, in case no. D09072018-05, styled *Tamatha Moore Watson, in the interest of the minor child, M.W. Complainant v. Rankin County School District, Respondent*. Defendant denies the remaining allegations including that Plaintiff is entitled to recover attorneys' fees and any

other relief. Defendant further denies that Plaintiff has exhausted her administrative remedies in this matter.

## II. PARTIES

2. Defendant admits the allegations contained in paragraph no. 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph no. 3 of the Complaint.

## III. JURISDICTION AND VENUE

4. Defendant denies the allegations contained in paragraph no. 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph no. 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph no. 6 of the Complaint.

## IV. STATEMENT OF THE FACTS

7. Defendant admits that on September 5, 2018, Ms. Watson filed a due process complaint with the Office of Special Education of the Mississippi Department of Education. Defendant denies the remaining allegations contained in paragraph no. 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph no. 8 of the Complaint.

9. Defendant admits that the minor child is an 8 year old male who previously attended kindergarten, first grade, and second grade in the Rankin Count School District. Defendant further admits that during the minor child's second grade year at Stonebridge Elementary School, the minor child struggled academically and was performing below grade level in reading and math.

10. Defendant admits the allegations contained in paragraph no. 10 of the Complaint.

11. Defendant admits that the minor child received appropriate special education and related services under his Individualized Education Program (IEP) for his language/speech

eligibility disability. Defendant admits that while the minor child struggled academically, he made academic gains. Defendant admits that the minor child began receiving Tier-3 interventions beginning in November 2017. Defendant admits that Ms. Watson paid for private tutoring. Defendant denies the remaining allegations contained in paragraph no. 11 of the Complaint.

12. Defendant admits that a dyslexia screener was administered to the minor child in both kindergarten and first grade. Defendant admits that the minor child failed the screener in kindergarten but passed the screener in first grade. Defendant admits that the District notified Ms. Watson that the minor child would be facing retention in second grade due to his academic performance. Defendant is without sufficient information to admit or deny the allegation that Ms. Watson was not notified that the minor child failed the dyslexia screener administered in kindergarten. Defendant denies the remaining allegations contained in paragraph no. 12 of the Complaint.

13. Defendant is without sufficient information to admit or deny the allegations contained in paragraph no. 13 of the Complaint.  Defendant however denies that the minor child has any disability other than language/speech that would warrant any additional special education and related services other than the special education and related services he received under his IEP while enrolled in the Rankin County School District.

14. Defendant admits that a Multidisciplinary Evaluation Team (MET) meeting was held on March 26, 2018 and the minor child received a 504 Plan on March 26, 2018.  Defendant denies the remaining allegations contained in paragraph no. 14 of the Complaint.

15. Defendant admits that following the MET meeting, changes to the minor child's IEP or Tier 3 interventions were not warranted based on an alleged diagnosis of dyslexia.

Defendant admits that the minor child now attends New Summit School in Jackson, MS. Defendant denies the remaining allegations contained in paragraph no. 15 of the Complaint.

16. Defendant admits that the hearing officer's Decision and Order speaks for itself.

17. Defendant admits the allegations contained in paragraph no. 17 of the Complaint.

## V.   CAUSES OF ACTION

18. Defendant denies the allegations contained in paragraph no. 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph no. 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph no. 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph no. 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph no. 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph no. 23 of the Complaint.

## VI.   PRAYER FOR RELIEF

As to the unnumbered paragraph commencing with "**WHEREFORE, PREMISES CONSIDERED**," Defendant denies all allegations in this paragraph and specifically denies that Plaintiff is entitled to any relief whatsoever, including the relief detailed in subparagraphs a through f. Defendant requests that this matter be dismissed with prejudice and all costs and fees assessed to the Plaintiff.

Respectfully submitted this the 27th day of February, 2018.

**RANKIN COUNTY SCHOOL DISTRICT**

By: /s/ KaShonda L. Day
   *One of Their Attorneys*

OF COUNSEL:

KaShonda L. Day, Esq. (MS Bar No. 103144)
James Keith, Esq. (MS Bar No. 3546)
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
KaShonda L. Day Telephone: 601-292-0785
James Keith Telephone: 601-292-0718
Facsimile:        601-355-9708
kashonda.day@arlaw.com
jim.keith@arlaw.com

**CERTIFICATE OF SERVICE**

    I, KaShonda L. Day, Attorney for Defendant, do hereby certify that I have this day filed, via the electronic filing system, a true and correct copy of the above and foregoing document, which will be distributed via the electronic filing system to the following counsel of record for Plaintiff:

Julian D. Miller, Esq.
Bradley Arant Boult Cummings LLP
One Jackson Place
188 E Capitol Street, Suite 400
Jackson, MS 39201
jmiller@bradley.com

Dated:  February 27, 2019

                                                    /s/ KaShonda L. Day
                                                    KaShonda L. Day, Esq.