## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**M.W. , a Minor, Through His Mother and**
**Adult Next Friend, TAMATHA MOORE-**
**WATSON**                                                                      **PLAINTIFF**

**vs.**                                        **CIVIL ACTION NO.: 3:19-CV-00107-HTW-LGI**

**RANKIN COUNTY PUBLIC SCHOOL**
**DISTRICT**                                                                    **DEFENDANT**

---

### ORDER

---

BEFORE THIS COURT is the Motion for Attorneys' Fees [ECF No. 63], filed by Plaintiff

Tamatha Moore-Watson ("Plaintiff"), on behalf of her minor child, M.W. Plaintiff, by way of her

Motion, requests an award of attorneys' fees and costs in the total amount of $106,918.72. This

request rests upon the fee-shifting provisions of the Individuals with Disabilities Education Act

(IDEA), Title 20 United States Code § 1415(i)(3)(B)[1]. Plaintiff requests that this court direct

payment of $49,042.72 to the law firm of Forman Watkins & Krutz LLP, and $57,876.00 to

Attorney Julian D. Miller individually.

Defendant Rankin County Public School District ("the District") vigorously opposes the

motion. The District contends that Plaintiff's rejection of a pre-hearing settlement offer bars any

recovery of post-offer fees under Title 20 U.S.C. § 1415(i)(3)(D)[2]. Alternatively, argues the

District, the requested hours and hourly rates are excessive, duplicative, and clerical, and that

---

[1] *See* 20 U.S.C. § 1415(i)(3)(B) grants federal district courts the discretionary authority to award a reasonable attorney's fee to the prevailing party who is the parent of a child with a disability.

[2] Subsection 20 U.S.C. § 1415(i)(3)(D) precludes recovery for legal work performed after a written settlement offer if the court determines that the parent rejected the offer and the subsequent relief secured was not more favorable than the rejected offer.

Plaintiff's limited success warrants a substantial downward adjustment under the governing jurisprudence.

Having reviewed the motion, the response, the reply, the record, and the governing legal authorities, this court finds that Plaintiff's motion is well-taken in part and should be granted subject to the modifications detailed below.

## I.    JURISDICTION

This court possess federal question subject matter jurisdiction over this dispute under Title 28 U.S.C. § 1331[3], as this civil action arises directly under a statute of the United States, namely, the Individuals with Disabilities Education Act, Title 20 U.S.C. § 1415(i)(3)(B). Venue is proper in this Northern Division of the Southern District of Mississippi pursuant to Title 28 U.S.C. § 1391(b)[4],because the operative events, administrative hearings, and educational services giving rise to this litigation all occurred within Rankin County, Mississippi, which sits within this, the Southern District of Mississippi.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff removed her minor child, M.W., from the District on May 1, 2018, and enrolled him in New Summit School, a private educational institution. On September 6, 2018, Plaintiff filed a Due Process Complaint with the Office of Special Education of the Mississippi Department of

---

[3] 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[4] 28 U.S.C. § 1391(b) provides: "Venue in General.—A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Education. Plaintiff alleged that the District violated its "Child Find" obligations and failed to provide M.W. with a Free Appropriate Public Education (FAPE) by failing properly to evaluate and address the minor child's dyslexia and Attention Deficit Hyperactivity Disorder (ADHD). In her administrative complaint, Plaintiff requested that the District pay for M.W. to attend New Summit School.

On November 1, 2018, more than ten days before the administrative hearing commenced, the District extended a formal, written settlement offer. The District offered to: (1) enroll M.W. in the third grade at his home school; (2) conduct a comprehensive assessment or provide an independent educational evaluation (IEE) at the District's expense; and (3) administer standard curriculum-based assessments to determine M.W.'s current level of performance. The settlement offer did not include an offer of attorneys' fees or tuition reimbursement. Plaintiff rejected the offer, and the matter proceeded to an administrative hearing on December 4, 11, and 20, 2018. The Special Education Hearing Officer issued an adverse ruling, denying all of Plaintiff's claims and denying the request for tuition reimbursement.

Plaintiff appealed that administrative decision to this court on February 7, 2019. Following briefing and oral argument, this court reversed the Hearing Officer's decision in part. This court determined that the District committed a Child Find violation and failed to provide M.W. with a FAPE due to its refusal to evaluate the child for dyslexia or provide appropriate services. This court ordered the District to: (1) provide M.W. with appropriate testing and evaluation for dyslexia and ADHD if he re-enrolled; (2) develop a new Individualized Education Program (IEP) with parental input; and (3) review and modify the IEP if M.W. failed to make sufficient progress. This court also ordered the District to reimburse Plaintiff for an outside evaluation obtained from the Mississippi Dyslexia Center and declared Plaintiff the prevailing party entitled to reasonable

attorneys' fees. This court denied Plaintiff's primary request for compensatory educational services in the form of retroactive private school tuition reimbursement, finding that New Summit School was not an appropriate placement.

Plaintiff appealed the denial of tuition reimbursement to the United States Court of Appeals for the Fifth Circuit. The District cross-appealed this court's findings on Child Find, FAPE, and the entitlement to attorneys' fees. The Fifth Circuit affirmed this court's decision in its entirety, confirming that the District had denied M.W. a FAPE, validating Plaintiff's status as a prevailing party, and upholding the denial of tuition reimbursement. *M.W. v. Rankin Cty. Pub. Sch. Dist.,* ECF No. 61. The Fifth Circuit issued its mandate on May 27, 2025, and Plaintiff thereafter timely filed the instant motion for fees.

### III.    LEGAL STANDARD

The IDEA empowers district courts to award reasonable attorneys' fees, in their discretion, to a prevailing party who is the parent of a child with a disability. Title 20 United States Code Section 1415(i)(3)(B)(i). Under this statutory framework, a prevailing party ordinarily should recover an attorney's fee unless special circumstances would render such an award unjust. *Lauren C. by & through Tracey K. v. Lewisville Indep. Sch. Dist.*, 904 F.3d 363, 370 (5th Cir. 2018); *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983). A litigant qualifies as a prevailing party when the litigant succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit. *Abner v. Kansas City S. Ry. Co.*, 541 F.3d 372, 379 (5th Cir. 2008). The prevailing party inquiry does not turn on the magnitude of relief obtained. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

Courts within the Fifth Circuit apply a two-step method to calculate a reasonable fee award. *Jason D.W. v. Houston Ind. Sch. Dist.*, 158 F.3d 205, 208 (5th Cir. 1998*); Combs v. City of Huntington*, 829 F.3d 388, 391-92 (5th Cir. 2016). First, the court calculates the "lodestar" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Jason D.W.*, 158 F.3d at 208. The fee applicant bears the burden of establishing entitlement to an award, documenting the hours expended, and proving the prevailing hourly rates in the community. *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415-16 (5th Cir. 2022).

Next, the court determines whether the lodestar figure requires an upward or downward adjustment based on the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*. The United States Supreme Court repeatedly has emphasized that the most critical factor in determining the reasonableness of a fee award is the degree of success obtained. *Farrar*, 506 U.S. at 114; *Hensley*, 461 U.S. at 436.

## IV.   DISCUSSION

### A.  The Settlement Offer Bar

The District first argues that Plaintiff cannot recover any attorneys' fees whatsoever for services performed subsequent to November 1, 2018, because she rejected a timely written settlement offer and failed to obtain more favorable relief from the court. The IDEA prohibits an award of attorneys' fees for services performed subsequent to the time of a written offer of settlement to a parent if:

(1) The offer is made within the time prescribed by Rule 68[5] of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;

(2) the offer is not accepted within 10 days; and

(3) the court finds that the relief finally obtained by the parents is not more favorable to the parents than the offer.

The District's argument lacks merit. A comparison of the District's November 2018 settlement offer with the final relief obtained reveals that the litigation produced an outcome significantly more favorable to Plaintiff. The District's pre-hearing offer strictly limited its scope to a comprehensive evaluation and a grade placement assessment upon re-enrollment. Conversely,

---

[5] Fed. R. Civ. P. 68. The rule provides in full:
(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment. (b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs. (c) Offer After Liability is Determined. When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the defending party may make an offer of judgment. It must be served within a reasonable time—but at least 14 days—before the date set for a hearing to determine the extent of liability. (d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

this court's final order, which the Fifth Circuit affirmed, altered the legal relationship of the parties by mandating that the District provide actual, ongoing special education services tailored to dyslexia and ADHD through a newly-developed IEP. This court ordered the District to monitor M.W.'s academic progress, modify the IEP as necessary, and directly reimburse Plaintiff for the independent evaluation performed by the Mississippi Dyslexia Center. ECF No. 43 at 33.

The District's settlement offer also omitted any provision for accrued attorneys' fees. In *El Paso Independent School District v. Richard R.*, 591 F.3d 417, 429-30 (5th Cir. 2009), the Fifth Circuit noted that a settlement offer barring subsequent fees must include all requested educational relief and reasonable attorney's fees, leaving no need to continue litigating. When an offer excludes accrued fees, continued litigation remains necessary to resolve the fee dispute. Since the final judicial decree yielded robust injunctive mechanisms, mandatory educational service requirements, and direct financial reimbursement, Plaintiff was substantially justified in rejecting the offer under Title 20 U.S.C. § 1415(i)(3)(E)[6]. *Gary G. v. El Paso Ind. Sch. Dist.,* 632 F.3d 201, 207 (5th Cir. 2011). Accordingly, the statutory bar of Section 1415(i)(3)(D)(i), does not apply here.

## B. Calculation of the Lodestar

### 1. Reasonable Hourly Rates

The fee applicant must show that the requested rates match the prevailing community standards in the relevant legal market for similar services by attorneys of reasonably comparable skill, experience, and reputation. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). The

---

[6] 20 U.S.C. § 1415(i)(3)(E) (2018) provides:"Exception to bar on attorneys' fees.—Notwithstanding subparagraph (D), an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer.

relevant market for this court is the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

Plaintiff requests an hourly rate of $375.00 for Mr. Miller's work from October 1, 2019, through March 28, 2022, while he was an associate at Forman Watkins & Krutz LLP, and a rate of $280.00 per hour for his subsequent work in an individual capacity. Plaintiff also requests $375.00 per hour for Associate Sampada Kapoor and $125.00 per hour for Legal Assistant Christina Smith.

This court finds the requested rate of $375.00 per hour for associates with fewer than ten years of experience excessive when compared to local community standards. In *Reynolds v. George County School District,* No. 1:19-cv-00426-TBM-RPM, 2023 WL 4939379, at *7 (S.D. Miss. Aug. 2, 2023), the court approved a rate of $325.00 per hour for an experienced practitioner who had practiced continuously for thirty years and held highly-specialized national certifications in special education advocacy. Mr. Miller graduated from law school in December 2012 and had been practicing for less than seven years when he entered his appearance in this case. Ms. Kapoor was admitted to the bar in 2017 and had practiced for less than three years when her work began.

Local federal jurisprudence dictates that standard associate rates in civil rights and IDEA matters range below the requested figures. *Gardner v. CLC of Pascagoula, LLC*, No. 1:16-cv-00011-HSO-RHW, 2020 WL 426490, at *2 (S.D. Miss. Jan. 27, 2020) (concluding that $200.00 per hour was reasonable for a civil rights attorney with approximately ten years of experience); *Stockstill v. City of Picayune*, No. 1:16-cv-00004-LG-RHW, 2017 WL 6327578, at *2-*3 (S.D. Miss. Dec. 11, 2017) (approving $225.00 per hour for a highly experienced civil rights practitioner and $150.00 per hour for an associate with three years of experience). Trial courts possess expertise

as to the reasonableness of attorney's fees. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

Finding excessiveness here, this court will not deny the requests entirely, but will adjust them pursuant to the appropriate standard and comparisons.  This court, accordingly, adjusts the hourly rates to reflect local market standards for practitioners of similar experience, as follows:

- Julian D. Miller, Esq. (Forman Watkins period):  from $375.00 to $250.00 per hour.

- Julian D. Miller, Esq. (Individual/SPLC period): from $280.00 to  $250.00 per hour.

- Sampada Kapoor, Esq.: from $375.00 to $200.00 per hour.

- Christina Smith (Legal Assistant): from $125.00 to $90.00 per hour.

### 2.  Hours Reasonably Expended

The court next must exclude hours that are excessive, duplicative, or line items that constitute purely clerical work. *Combs,* 829 F.3d at 392. Time spent by legal assistants or attorneys on clerical tasks—such as filing notices, formatting appendices, assembling notebooks, and organizing files—cannot be shifted to the opposing party. *Lamar Co., LLC v. Harrison Cnty. Sch. Dist.*, No. 1:16-cv-00223-HSO-JCG, 2017 WL 6452774, at *2 (S.D. Miss. Dec. 18, 2017). The District has identified several entries that violate these principles:

- Clerical Tasks by Counsel: Ms. Kapoor's entries between June 18, 2020, and February 8, 2020, as well as March 15, 2021, and March 25, 2021, regarding scheduling and correspondence about hearing dates are clerical. This court excludes 3.5 hours from Ms. Kapoor's time.

- Duplicative Hearing Attendance: Mr. Miller and Ms. Kapoor both billed time for preparing for and attending the Zoom hearing from March 28–30, 2021. Only Mr.

Miller argued the appeal. This court excludes 6.0 hours of duplicative preparation and attendance time from Ms. Kapoor's allocation.

- Clerical Tasks by Legal Assistant: Christina Smith's entries on March 30, 2021 (setting up Zoom/notebooks) and January 12, 2022 (organizing files in OneDrive) are purely clerical. These entries, totaling 4.2 hours, are excluded. Additional entries between February 1, 2022, and March 8, 2022, for assisting with filing notices and ordering transcripts (3.8 hours) are likewise excluded.

- Duplicative Record and Transcript Summaries: Mr. Miller billed extensive hours for summarizing transcripts and the administrative record in January 2022 and duplicated these tasks on May 15, 2022, after his departure from his firm. The court reduces Mr. Miller's individual billing entry on May 15, 2022, by 6.8 hours to eliminate this overlap.

- Clerical Brief Preparation: Mr. Miller billed 6.7 hours on May 24, 2022, and 5.9 hours on July 29, 2022, for creating tables of authorities and tables of contents. Generating indices and formatting tables are administrative, clerical functions. These 12.6 hours are excluded from the lodestar calculation.

- Appellate Dismissal and Reinstatement: Mr. Miller billed 3.4 hours on May 26, 2022, which included time to file a motion for reinstatement after the appeal was dismissed for a failure to prosecute. The District should not bear the financial burden of correcting counsel's procedural omissions. This court subtracts 2.0 hours from this entry.

### 3.    Travel Time Rate Reduction

Mr. Miller billed 7.5 hours on December 5, 2022, for traveling from Jackson, Mississippi, to New Orleans, Louisiana, to conduct oral argument before the Fifth Circuit. Under well-settled Fifth Circuit guidance, courts cut compensation for travel time by fifty percent of the regular hourly rate. *Shipes*, 987 F.2d at 320; *Winborne v. Sunshine Health Care, Inc.*, No. 1:08-cv-00135-D-D, 2009 WL 2900011, at *4 (N.D. Miss. Sept. 3, 2009). The roundtrip commute consumes approximately 5.0 hours. Accordingly, the court compensates those 5.0 hours at a reduced rate of $125.00 per hour.

### 4.    Adjusted Lodestar Calculation

Following these adjustments, the court establishes the baseline lodestar figures as follows:

Forman Watkins & Krutz LLP:

Julian D. Miller: 122.5 hours × $250.00 = $30,625.00

Sampada Kapoor: (12.0 requested - 9.5 excluded) = 2.5 hours × $200.00 = $500.00

Christina Smith: (15.0 requested - 8.0 excluded) = 7.0 hours × $90.00 = $630.00

Forman Watkins Subtotal Lodestar: **$31,755.00**

Julian D. Miller (Individual Capacity):

Legal Work: (201.7 hours - 21.4 excluded) = 180.3 hours × $250.00 = $45,075.00

Travel Time: 5.0 hours × $125.00 = $625.00

Julian D. Miller Subtotal Lodestar: **$45,700.00**

Total Combined Pre-Adjustment Lodestar: **$77,455.00**

### C.  Lodestar Adjustment Based on the Degree of Success

The calculation of the lodestar does not end the inquiry. *Jason D.W.,* 158 F.3d at 209. The court must evaluate the eighth *Johnson* factor: the amount involved and the results obtained. *Id.*

The District demands a uniform sixty percent downward reduction of the entire fee award, relying on *Reynolds*, 2023 WL 4939379, at *9. The District emphasizes that Plaintiff failed to secure her primary economic objective: retroactive private school tuition reimbursement for M.W.'s enrollment at New Summit School.

The United States Supreme Court has held the result achieved is what matters. *Fox v. Vice*, 563 U.S. 826, 834 (2011). Where a plaintiff achieves only partial or limited success, the product of hours reasonably expended multiplied by a baseline hourly rate may yield an excessive award, even if the claims were interrelated and brought in good faith. *Hensley,* 461 U.S. at 436; *Migis v. Pearle Vision*, 135 F.3d 1041, 1048 (5th Cir. 1998).

Plaintiff's administrative complaint and subsequent federal pleadings centered heavily on obtaining compensatory tuition reimbursement. Plaintiff was entirely unsuccessful on that specific front before the Hearing Officer, before this court, and before the Fifth Circuit Court of Appeals. Plaintiff, however, achieved significant success on her foundational FAPE and Child Find claims. She won an order that forced the District to acknowledge M.W.'s special educational needs, reconstruct an appropriate IEP with parental input, and cover evaluation costs. This injunctive relief directly vindicated the core purposes of the IDEA.

Because Plaintiff's successful FAPE claims are inextricably intertwined with the factual background of her unsuccessful tuition requests, the court cannot easily disentangle the hours spent on a claim-by-claim basis. *Fessler*, 23 F.4th at 416. Instead, the court must apply a percentage reduction to the lodestar to align the final financial award with the actual degree of success obtained. *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002).

Given that Plaintiff lost her primary economic claim on appeal, but successfully defended the District's cross-appeal regarding FAPE liability and her entitlement to fees, a forty percent

global reduction is appropriate and sufficient. This reduction properly balances Plaintiff's success in vindicating M.W.'s statutory educational rights against the failure to obtain tuition reimbursement.

Applying a forty percent reduction to the lodestar figures yields the final reasonable fee awards:

Forman Watkins & Krutz LLP: **$31,755.00 × 0.60 = $19,053.00**

Julian D. Miller (Individual): **$45,700.00 × 0.60 = $27,420.00**

## V.       CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Attorneys' Fees **[ECF No. 63]** is **GRANTED IN PART AND DENIED IN PART**.

The Court hereby awards reasonable attorneys' fees and costs under the IDEA in the total amount of **$46,473.00,** to be distributed as follows:

1. Defendant Rankin County Public School District is directed to pay the sum of **$19,053.00** made payable to the law firm of Forman Watkins & Krutz LLP.

2. Defendant Rankin County Public School District is directed to pay the sum of **$27,420.00** made payable directly to Attorney Julian D. Miller.

SO ORDERED this the __4th__ day of _____June_____, 2026.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**